UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LONDELL JONES,

        Petitioner,

v.                                          Case No. 11-C-517

CHRISTOPHER SCHMAILING,

        Respondent.

**ORDER**

On May 31, 2011, Londell Jones filed this petition pursuant to 28 U.S.C. § 2241, asserting that his custody in the Racine County Jail is being imposed in violation of the Constitution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. Rule 4 applies to cases brought under § 2241 as well. *Poe v. United States,* 468 F.3d 473, 477 (7th Cir. 2006). During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The petition does not set forth any basis for federal relief. Jones states that he is currently incarcerated on an armed robbery (party to a crime) charge and is awaiting a trial scheduled for

August.  As far as it is intelligible, the petition complains that a federal ATF agent named Jody Keeku was not doing her job because she failed to order surveillance of two criminal suspects, who were apparently involved with Jones.  If these two suspects had been under surveillance, then the robbery they committed would have been prevented and Jones would not be in jail.  The petition also suggests that ATF Agent Keeku should have had *Jones* surveilled so that she would have known his whereabouts at all times.  As a confidential informant, he was a victim of circumstances caused when the other suspects began suspecting he might be giving information to the government.

It is unclear what federal principle the petition relies upon.  To the extent Jones has some sort of coercion defense, that is something that may be raised in his criminal action.  But there is no basis presented for throwing out the charges against him.  The way the ATF agent conducted an investigation, under these circumstances, does not implicate any Constitutional rights.  Accordingly, the petition is **DENIED** and the case is **DISMISSED**.  The motion to proceed *in forma pauperis* is **GRANTED**, meaning that the filing fee is waived.  A certificate of appealability is not required. *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000).

**SO ORDERED** this __1st__ day of June, 2011.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge